UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re: Request from the United Kingdom
Pursuant to the Treaty Between the United
States of America and the Government of the
United Kingdom of Great Britain and
Northern Ireland on Mutual Legal Assistance in
Criminal Matters in the matter of Easier, PLC.

Case No.  3:07-mc-46-J-32MCR

_____/

## O R D E R

**THIS CAUSE** is before the Court on the United States of America's Application for Order Pursuant to the Treaty on Mutual Assistance in Criminal Matters and 28 U.S.C. §1782 (Doc. 1) filed on October 25, 2007.  The United States of America ("USA") seeks an Order from this Court appointing Arnold B. Corsmeier, Assistant United States Attorney, as Commissioner authorizing him to take the actions necessary, including the issuance of Commissioner's Subpoenas, to obtain the evidence requested by the Serious Fraud Office of the United Kingdom as part of a criminal investigation.  The USA also requests that Arnold B. Corsmeier, as Commissioner, be authorized to adopt such procedures, upon receipt of the evidence, as are consistent with the intended use thereof in the United Kingdom.

On February 8, 2006, the Serious Fraud Office of the United Kingdom sent a request for legal assistance to the US Department of Justice.  Specifically, the Serious Fraud Office requested assistance from the USA in obtaining documents from a designated officer of South Trust Bank (now Wachovia) located in Palm Coast, Middle District of Florida, relating to an account belonging to Maxima Investment Fund LLP.

The Serious Fraud Office and the City of London Police are in the process of conducting an investigation into the affairs of Easier, PLC and its principals for the offenses of conspiracy to defraud and theft, in violation of the Common Law of England and Wales.

The investigation of Easier, PLC and its principals produced questions relating to an account held by Maxima Investment Fund ("Maxima"), located in Palm Coast, Florida. Specifically, the Serious Fraud Office seeks to answer the following four questions: (1) what degree of control does Mr. Copsey – the General Manager of Easier, PLC – have over the account; (2) whether any of the other suspects are involved in the operation of the account and/or Maxima; (3) whether any payment was made by Maxima for the purchase of shares in Apogee Technologies, Inc.; and (4) to what extent has Mr. Copsey and/or the other suspects benefitted personally from the payments made to Maxima by Easier and another suspect company – SP Bell. Thus, the United Kingdom now requests assistance from the USA in contacting a designated officer of South Trust Bank (now Wachovia) in Palm Coast for the purpose of producing documents related the Maxima account. Accordingly, the USA filed this Application.

On January 6, 1994, the United States and the United Kingdom entered into the self executing Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters (the "Treaty"). S. Treaty, Doc. No. 104-2, 1994 WL 855115 (Treaty signed Jan. 6, 1994). The goal of this Treaty is to provide mutual assistance to one another to improve "the effectiveness of law enforcement authorities in both countries." Id. (Text of Treaty). The Treaty requires the two countries to provide assistance to each other in connection with criminal investigations and court

proceedings. Id. (Article 1). Such assistance includes assisting the requesting country with obtaining documents, records, and evidence. Id. The Treaty empowers this Court to execute requests for assistance from the Government of the United Kingdom so that the USA can comply with its obligations under the Treaty. Id. (Article 5).

Federal Statute, 28 U.S.C. § 1782 also authorizes this Court to order the production of evidence for use in a foreign tribunal. 28 U.S.C. §1782. Notably, the legislative history of 28 U.S.C. § 1782 reveals it was drafted to assist foreign tribunals in resolving foreign disputes, and Congress intended to "strengthen the power of the district courts to respond to requests for international assistance." In re Clerici, 481 F.3d 1324, 1331 (11th Cir. 2007). Section 1782 provides: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." Id..

Pursuant to §1782, the undersigned has "authority to grant a request for judicial assistance when the following four requirements are met:"

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be fore use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re: Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (internal citations omitted). In this matter, each of these requirements are met; i.e., a foreign tribunal, specifically the Government of the United Kingdom of Great Britain and Northern Ireland, has

requested evidence for use in a criminal proceeding from an entity located in the Middle District of Florida. Thus, § 1782 provides this Court authorization to appoint a Commissioner to gather such evidence on behalf of the Court and to submit the evidence through appropriate channels to the United Kingdom.

Although the Court may authorize a discovery application once the prima facie requirements of § 1782 are met, it is not obligated to do so.  The Supreme Court has suggested four additional factors the Court may consider when exercising its discretion in considering such an application.  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65, 124 S. Ct. 2466, 2483 (2004); see also In re Clerici, 481 F.3d at 1334 (analyzing these factors and affirming the district court's order granting a discovery application).  The Court has considered the factors set forth by the Supreme Court and finds that the discovery application ought to be granted for the following four reasons: (1) the bank from which the discovery is sought is not a participant in the proceeding and is outside the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and character of proceedings underway abroad, and the fact that the United Kingdom reciprocates assistance to the United States when it requires federal court judicial assistance, weigh in favor of granting the application; (3) the Government of the United Kingdom requested the discovery at issue in this case and thus, this is not a request to conceal an attempt to circumvent foreign proof gathering restrictions or other policies of the United Kingdom or the United States; and (4) for the reasons discussed in more detail below, the request is not "unduly intrusive or burdensome."  See Intel Corp., 542 U.S. at 264-65; In re Clerici, 481 F.3d at 1334-36.

In considering whether the request is unduly intrusive or burdensome, the Court notes that the USA requests this Court enter an Order permitting it to utilize a form entitled the Commissioner's Subpoena in order to obtain the requested evidence. (Doc. 2). Moreover, the USA requests this be done without notice to any party other than the recipient of the Commissioner's subpoena. The Eleventh Circuit has authorized the use of such subpoena as a means for obtaining evidence in response to a foreign tribunal's request pursuant to a treaty. In re Commissioner's Subpoenas, 325 F.3d 1287, 1291(11th Cir. 2003) (incorporating in pertinent part the district court's order directing the use of the commissioner's subpoenas).

There is, however, an additional issue to consider. Because the Commissioner's Subpoena requires the production of financial account records without notice to or approval from the account holder, it is proper for this Court to consider whether the Right to Financial Privacy Act ("FPA"), 12 U.S.C. §§ 3401 et seq., would bar access to any of the requested documents. The Court holds that it would not. The FPA does not apply in the execution of foreign legal assistance requests. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989) (holding that the FPA does not apply when a court appoints a commissioner who seeks to obtain information from financial institutions through the use of court-ordered subpoenas); see also In re Letter of Request for Judicial Assistance from the Tribunal Civil De Port-Au-Prince Republic of Haiti, 669 at 407 (refusing to extend the reach of the FPA to requests emanating from foreign governments). Accordingly, the use of the Commissioner's Subpoena to obtain account information is not unduly intrusive or burdensome. Rather, it is in line with both the Treaty's purpose and Congress's goal in amending 28 U.S.C. § 1782 "to enable the

government to take a greater role in rendering assistance to foreign governments with the objective of stimulating reciprocal aid." Young, 882 F.2d at 637 (citations omitted). As such, the Court finds the USA's application due to be granted.

Accordingly, after due consideration it is

**ORDERED:**

1. The United States of America's Application for Order Pursuant to the Treaty on Mutual Assistance in Criminal Matters and 28 U.S.C. §1782 (Doc 1) is **GRANTED.**

2. Pursuant to the authority conferred by the Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters, in force December 2, 1996, Treaty Doc. 104-2, 1994 WL 855115 (signed Jan. 6, 1994), 28 U.S.C. §1782, and this Court's inherent authority, persons within the jurisdiction of this Court shall be required to provide testimony and produce documents and other things in accordance with the Treaty Request of February 2, 2006, without notice to the target or defendant in the foreign criminal proceedings, and Arnold B. Corsmeier is appointed a Commissioner of this Court: to take such steps as are necessary, including the issuance of Commissioner's Subpoenas (Doc. 2), to obtain the evidence requested by the United Kingdom; to adopt such procedures for the receipt of the evidence as are consistent with the use of the evidence within the United Kingdom; to seek such further orders of the Court as are necessary to execute this request; to certify the testimony and documents obtained and to submit the evidence to the Office of International Affairs, United States Department of Justice, for transmission to the

United Kingdom; and to take all lawful actions that my be necessary for the accomplishment of the purposes of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __1st__ day of November, 2007.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

U.S. Attorney (Corsmeier)